UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| GORDON LOREY GRILZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIV 05-286 PHX JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| | ) | [Re: Motion at docket 20] |
| | ) | |
| DORA SCHRIRO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 20, Quirino Valeros, M.D., moves to dismiss count three of the complaint filed by Gordon Lorey Grilz.  At docket 22, Grilz opposes the motion.  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

The dispute between Grilz and Valeros, a physician with the Arizona Department of Corrections, arose from Valeros's treatment of Grilz at a correctional facility in Florence, Arizona.  In his complaint, Grilz alleges that in April of 2004, Valeros prescribed him an anti-cholesterol drug and that later, he suffered adverse effects from

the drug.[1] He also asserts that after he began suffering side effects, Valeros prescribed him another drug and that the combination of the two drugs caused him additional health problems.[2] Grilz contends that Valeros failed to warn him about the possibility that he would suffer adverse side effects and failed to recognize those effects when he began suffering them.[3] Grilz was so dissatisfied with the treatment he received from Valeros that he submitted a claim to the State of Arizona for $1.5 million in damages on November 29, 2004.[4] Fifty-seven days later,[5] on January 25, 2005, he filed a complaint in this court alleging that Valeros is liable for medical malpractice under Arizona Revised Statute § 12-562.[6] The complaint names Valeros in his individual and official capacities.[7]

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) provides that a motion to dismiss for failure to state a claim should be treated as a motion for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." If

---

[1] Doc. 1, p. 6, 6-A.

[2] *Id.*, p. 6-A.

[3] *Id.*

[4] Doc. 22, ex. C, pp. 3-6. Grilz filed an earlier claim on September 27, 2004, but it was rejected because it did not include information required under Arizona Revised Statute § 12-821.01(A). *See id.*, exs. A and B.

[5] As computed under either Arizona Rule of Civil Procedure 6(a) or Federal Rule of Civil Procedure 6(a).

[6] Doc. 1, p. 6.

[7] *Id.*, p. 2.

the court treats a motion to dismiss as a motion for summary judgment, it must give "all parties ... reasonable opportunity to present all material made pertinent ... by Rule 56."[8] In this case, Valeros has filed a motion to dismiss for failure to state a claim and Grilz, in his opposition to that motion, has presented matters outside the pleadings. In his reply, Valeros does not object to the presentation of those matters and, in fact, relies on them to support one of his arguments. Consequently, the court will not exclude them and will treat Valeros's motion to dismiss as one for summary judgment.

Rule 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden to show that material facts are not genuinely disputed.[9] To meet that burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[10] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[11] The court must not assess the credibility of that evidence and must draw all justifiable inferences from it in favor of the nonmoving party.[12]

---

[8] FED. R. CIV. P. 12(b).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] *Id.* at 325.

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[12] *Id.* at 255.

## IV. DISCUSSION

In his motion, Valeros argues that Arizona Revised Statutes §§ 31-201.01(F) and 12-821.01 require dismissal of the medical malpractice claim against him in count three of Grilz's complaint.[13]

### A. Ariz. Rev. Stat. § 31-201.01(F) Requires Dismissal of Grilz's Claim Against Valeros in His Individual Capacity but Not in His Official Capacity

It is true, as Valeros argues, that Ariz. Rev. Stat. § 31-201.01(F) allows Grilz to bring a medical malpractice claim against Valeros's employer, the State of Arizona, but not against Valeros personally. Grilz's claim against Valeros in his individual capacity is a claim against the doctor personally[14] and under § 31-201.01(F), it must be dismissed. However, his claim against Valeros in his official capacity is treated as a claim against the State of Arizona.[15] Consequently, § 31-201.01(F) does not provide a basis for dismissing that claim.

### B. Further Briefing Is Required on Valeros's Argument Under Ariz. Rev. Stat. § 12-821.01

Although Grilz's claim against Valeros in his official capacity need not be dismissed under § 31-201.01(F), it may not withstand § 12-821.01. That statute requires people to submit administrative claims to public entities before they may file

---

[13] Valeros also alleges that "the state is immune from suit for money damages." Doc. 20, p. 1. However, in his reply in support of his motion, Valeros withdraws that argument. Doc. 23, p. 2 n.5.

[14] *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

[15] *Id.*

complaints against those entities in court.[16]  This requirement's purpose is to give public entities notice of claims and a chance to resolve them before litigation.[17]  Claims must be submitted within "one hundred eighty days after the cause of action accrues."[18]  If a public entity decides to deny a claim, it may do so in writing within sixty days after the claim is submitted.[19]  If it does not respond to the claim within sixty days, the claim is deemed denied.[20]  To this court's knowledge, no Arizona court has held that an administrative claim must be denied before a complaint based on that claim may be filed in court.  However, two Arizona courts have suggested as much.[21]  Furthermore, such a requirement would advance the statute's aim of resolving disputes short of litigation.  Accordingly, this court will read § 12-821.01 as requiring that an administrative claim be denied before a complaint based on that claim may be filed in court.

In his opposition to Valeros's motion, Grilz discusses the requirement that he submit an administrative claim but not the requirement that it be denied.  It is evident

---

[16]This is what is known as a "notice-of-claim" statute, and this court must apply it to Grilz's state-law medical malpractice claim against Valeros.  *Felder v. Casey*, 487 U.S. 131, 151 (1988) (citing *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 911 (7th Cir. 1985)).

[17]*Andress v. City of Chandler*, 7 P.3d 121, 123 (Ariz. Ct. App. 2000).

[18]ARIZ. REV. STAT. ANN. § 12-821.01(A) (2003).

[19]*Id.* § 12-821.01(E).

[20]*Id.*

[21]*See Andress*, 7 P.3d at 123 (stating that the statute's goal is to resolve claims "before a lawsuit is ever filed"); *Stulce v. Salt River Project*, 3 P.3d 1007, 1011 n.3 (Ariz. Ct. App. 1999) ("If the public entity fails to take action within 60 days, the claimant may consider the claim denied and file an action against the public entity in superior court" (quoting *Owens v. City of Phoenix*, 884 F.2d 1100, 1105 n.6 (Ariz. Ct. App. 1994)).

from the papers attached to his opposition that he submitted an administrative claim to the State of Arizona alleging that Valeros committed medical malpractice. However, it is not clear that his claim was denied before he filed his complaint in this court. Grilz's papers indicate that he filed his complaint sooner than sixty days after he submitted his administrative claim, and so his claim was not deemed denied under § 12-821.01. If his claim was denied in writing, which is the other way it could have been denied under § 12-821.01, the papers he has submitted so far do not document that denial.

Given Grilz's *pro se* status and this court's treatment of Valeros's motion to dismiss as one for summary judgment, it is best to give Grilz another chance to prove that the State of Arizona denied his administrative claim in writing before he filed his complaint in this court. This will ensure that Grilz is afforded a reasonable opportunity to submit the materials necessary to oppose a summary judgment motion, as required by Rule 12(b). Accordingly, Grilz is **ORDERED** to file with the court within **fifteen (15)** days of the date of issuance of this order evidence that the State of Arizona denied his administrative claim in writing before he filed his complaint in this court. If that evidence does not exist or Grilz does not respond to this order, then his medical malpractice claim against Valeros in the doctor's official capacity will be dismissed without prejudice.

## V.  CONCLUSION

For the reasons set out above, the motion at docket 20 is **GRANTED** in part to the extent that it addresses Grilz's claim against Valeros in his individual capacity. That claim is **DISMISSED** with prejudice. The motion is **CONTINUED** with respect to Grilz's claim against Valeros in his official capacity.

DATED at Anchorage, Alaska, this 5th day of December 2005.

                                           /s/
                            JOHN W. SEDWICK
                   UNITED STATES DISTRICT JUDGE