IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gordon Lorey Grilz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Defendants. | No. CV 05-286-PHX-JWS (ECV)<br><br>**ORDER** |

     Pending before the court is Plaintiff's second Motion for Appointment of Counsel (Doc. #40). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

     Plaintiff contends that he needs to have counsel appointed because the prison will not provide him with access to case law. He argues that he believes case law exists to support his motion to reconsider the dismissal of one of the defendants. See Doc. #42. Plaintiff,

1 however, has not demonstrated that these are exceptional circumstances such that
2 appointment of counsel is required in this case. Plaintiff is able to clearly articulate his
3 claims and arguments. He explains that the arguments are not supported by case law because
4 he is without access to such materials. The court recognizes the limited access to legal
5 materials afforded to prisoners and can still consider the merits of Plaintiff's arguments.
6 Because Plaintiff has not shown that exceptional circumstances are present, the request for
7 appointment of counsel will be denied.

**IT IS THEREFORE ORDERED:**

That Plaintiff's Motion for Appointment of Counsel (Doc. #40) is **DENIED**.

DATED this 29th day of December, 2005.

_____
Edward C. Voss
United States Magistrate Judge